*Ordered that. Copies of the submission be transmitted by fax to AUSA and Probation Officer.*

**SAGHIR** LLC
730 5th Avenue
9th Floor
New York, NY 10019
Tel: 212 659 7786   Fax: 718 375 9394

uzmahuk@hotmail.com

Uzmah Saghir, Esq.

*Allyne R. Ross  USDJ*

*4/27/06*

## FACIMILE COVER SHEET

**TO:**

**Honorable Allyne R. Ross**
**Fax: 718 260 2386**

**James Lowman, AUSA**
**Fax: 718 254**

**FROM:**     Uzmah Saghir, Esq.

**RE:**       **Matthew Allan- 01-CR-1231**

**DATE:**     June 27, 2006

**TOTAL PAGES:**   14 (excluding the cover sheet)

This facsimile transmission cover sheet and any document s which may accompany it, contains information from the law offices of SAGHIR which is intend for the use of the individual or entity to which it is addressed, and which may contain information that is privileged or confidential. If the reader of this message id not the intended recipient or the employee or agent responsible for delivering the messages to the intended recipient, then and disclosure, dissemination, distribution, coping or other use of this communication or its substance is prohibited.

# SAGHIR LLC

730 5th Avenue
9th Floor
New York, NY 10019
Tel: 212 659 7786    Fax: 718 375 9394

Uzmah Saghir, Esq.                                                    uzmahuk@hotmail.com

June 23, 2006

Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Fax: 718 260 2386

RE:   **United States v. Matthew Allan**
Docket No.: 01-CR-1231 (ARR)

Dear Judge Ross,

Matthew Allan, the defendant in the above captioned matter wishes to change his plea of not guilty, for violation of his Supervised Release, entered into on June 13, 2006 to one of guilty. Mr. Allan through the undersigned submits the following for this Honorable Court's consideration in sentencing Mr. Allan on his violation of Supervised Release.

Mr. Allan has Four Charges of violation of Supervised Release. Charge One charges that Mr. Allan committed a criminal offense while on supervised release. Your Honor, as stated in the probation officers report, Mr. Allan was stopped for a maximum speed violation by NYPD, speeding violations are not considered as criminal offences in the State of New York, it is more of civil violations for which one pays a fine, Mr. Allan certainly did not think he had committed a criminal offense when he was stopped for speeding. The reason why Mr. Allan was arrested was not due to speeding, it because there is an old warrant for his arrest which has been satisfied but keeps appearing in the NYPD's database. Mr. Allan was detained for a short period and then released when it was established that the warrant was already satisfied.

Mr. Allan, quite reasonably, did not think that speeding was a crime and did not see any reason to report it as such. But he now realizes that when one is on supervised release one should not hesitate to report to the probation officer any kind of violation, be it civil or criminal.

Charge Two is a failure to report an arrest or questioning by a law enforcement officer. This charge stems from partly negligence of Mr. Allan and partly his misunderstanding of his reporting requirements. Mr. Allan did not get arrested for the speeding nor does he see speeding as committing a new crime, and because he was arrested for a warrant that was already satisfied he did not deem it important to

let his probation officer know of this arrest as it was a mistake due to a hitch in the database of the NYPD. It was clear negligence on part of Mr. Allan in failing to report this contact with law enforcement to his probation officer this Mr. Allan now understands and is remorseful for. Mr. Allan was again detained for a brief period of time last week, again due to the satisfied warrant showing up on the NYPD database. Mr. Allan was detained for a short time and then released. Mr. Allan reported that instance to his probation officer as soon as he possibly could now that he understands that "any and all contact" must be reported.

Charge Three is a failure to report Mr. Allan's access to a vehicle, namely a 2006 Dodge Charger, and cellular phones found in the vehicle at the time of Mr. Allan's arrest for the warrant. The financial report Mr. Allan fills in every month, so far as he understood at the time was to let the probation office know of any assets that he owns. The above vehicle belongs to and registered in the name Ms. Babilonia, she is currently Mr. Allan's girlfriend and she would give permission for Mr. Allan to drive the car from time to time when they are together going out or if she needs him to run an errand for her. Mr. Allan does not own this vehicle and does not have unlimited access to it, he did not see a need to state that he drives this vehicles when he is with his girl friend.

Again Mr. Allan now realizes that when on supervised release he can not let things like this get in the way of his relationship of trust and respect between his probation officer and him and that he needs to report such access to his officer.

With regards the cell phones found in the vehicle, one of the cell phones belonged to Ms. Babilonia which was a dead phone in the vehicle and the other phone was Mr. Allan's phone the number of which he had provided to his former probation officer, but as it is a pre-paid phone Mr. Allan does not always have it on as most of the time it is out of credit. He did not realize that his probation officer did not have the phone number to this phone and as it is off most of the time due to no credit he hardly ever uses it.

Charge Four is Mr. Allan's travel out of the judicial district without permission. Mr. Allan was observed leaving the home of his girl friend in the early hours of the Morning in New Jersey when Mr. Allan did not have permission to be in New Jersey.

As noted in the report of the probation officer, Mr. Allan has been facing difficulty with regards his accommodation arrangements. I will not repeat what is already in the probation officer's report.

There has been some confusion and misunderstanding on part of Mr. Allan as to whether or not he had permission to be in New Jersey. Last summer Mr. Allan had informed his former probation officer that he was trying to find a job in New Jersey and sought permission from his former probation officer to attend an interview at Bally Total Fitness. Although Mr. Allan did not get the job at Bally he managed to get work as a carpenter working as a private contractor doing odd jobs when ever he got them. This was in New Jersey. Mr. Allan assumed; a bad judgment on his part; that if he was permitted to go on an interview to New Jersey then he is permitted to work in New Jersey if he can find a job there. Mr. Allan did in fact spend a lot of time

last summer and has continued to do so this year working in New Jersey, attached are checks he received as payment for work he did for Ms. Babilonia and a Mr. Virk. Mr. Allan worked for other people too but he is mostly paid in cash. Mr. Allan did report to the former probation officer he was working off the books doing odd jobs as a carpenter and was being paid by individuals sometimes in cash and sometimes by check. The officer told Mr. Allan that was fine as long as Mr. Allan reported all the income on his taxes, which Mr. Allan did. On his monthly report Mr. Allan was told by his former officer to put down the names and addresses of employers who he was working for on the books. The office failed to ask Mr. Allan where exactly he was working and Mr. Allan failed to inform the officer that the odd jobs he was doing were in New Jersey. Mr. Allan assumed it was fine for him to work in New Jersey as he was allowed permission to go look for work in New Jersey.

Your Honor in our opinion the most serious of charges by the probation officer of violation of Supervised Release is the staying in New Jersey of Mr. Allan without permission. The probation officer reports that Mr. Allan upon confrontation stated that he stayed at the house of Ms. Babilonia 2-3 times a week and he has five other girl friends that he stays with. With all due respect, we believe that this is a misunderstanding on part of the officer, Mr. Allan did say that he visited Ms. Babilonia 2-3 times a week but not stay over and he does in fact have "friends" in New Jersey not "girl friends" that he visits on a regular basis but he does not stay there over night, Mr. Allan has stayed at the residence of his friends and Ms. Babilonia till late hours of the night but has not made a habit of sleeping over. Mr. Allan since the accident of Ms. Babilonia as stated in her attached letter has stayed over at her house occasionally but not regularly.

Your Honor, Mr. Allan was released July 2004, it has been almost two years, Mr. Allan has come a long way and has done remarkably well in an attempt at making himself a respectable and a responsible member of the society. He began doing odd jobs from the moment he was released not being selective and taking any job he could reasonably get so that he can support himself and his children.

Mr. Allan has been filing his taxes time and accurately, as stated in the letter of Ms. Babilonia, he has a credit score of above 740, he is helping the mother of his one year old son Ms. Babich, as stated in her attached letter, keep her job by being with their son on almost a daily basis before the babysitter can arrive allowing Ms. Babich to be on time for her work.

Your Honor the problem with Mr. Allan's residence began when he could no longer live with Ms. Harrison as she began a job requiring her to bear a firearm. Mr. Allan tried to find a suitable residence but struggled to do so these last few months have been testing on part of Mr. Allan to say the least, however, even in those times he did not fail to provide for those who depend on him such as his children and the mother of his one year old son who depends on his support in keeping her job.

Mr. Allan made a mistake in assuming he had permission to work in New Jersey and then made an even bigger mistake in failing to report to the probation officer that he was on odd occasions staying in New Jersey. However, having said that if in fact he had reported that he was working in New Jersey he would no doubt

have been given permission to work in New Jersey and if he had informed his officer that due to accommodation problems he needs to stay in New Jersey he would have been given permission to stay in New Jersey.

In fact Mr. Allan has been given permission to stay in New Jersey at the residence of Ms. Babilonia and the office is now aware of the fact that Mr. Allan had been working in New Jersey.

The government in our understanding will be asking the Court to sentence Mr. Allan to 60 days in a Halfway House as punishment for his violation of his Supervised Release.

We respectfully pray on the mercy of this Honorable Court to give Mr. Allan a second chance and not the sentence him to the Halfway House as that will not be a step forward in Mr. Allan's transition into the society at large but rather a step back. Mr. Allan has a job now with a moving company he works odd hours, late in the evenings and even weekends from time to time. Further, he also helps his son's mother with taking care of their son in the early hours of the morning being at the residence of his baby's mother before 7am to allow her to be on time for her job.

If placed in a Halfway House the working arrangements and commitments to his child will be almost impossible to keep for Mr. Allan as there are regulated hours that individuals need to abide by while in the Halfway House; and now that Mr. Allan has a place to stay in New Jersey and the probation office has given him permission to live there it makes sense to save the tax payers money and give Mr. Allan the benefit of doubt and give him a second chance as this is the first time in almost two years that Mr. Allan has appeared before this Honorable Court. We therefore respectfully ask the Court to give Mr. Allan a second chance and allow him the opportunity to keep striving on making himself a better member of the society as he has been doing so well so far.

Thank you for your indulgence in this matter.

Respectfully submitted

Uzmah Saghir, Esq.

CC: James Lowman, by fax.

**GURAMAN KAUR VIRK**
41 DUNDEE AVE.
ISELIN, NJ 08830

1-69/210
26820912

928

Date 7/6/05

Pay to the order of _Matthew Allen_ | $ 677.00

_Six hundred and seventy seven dollar_ Dollars

citibank

CITIBANK, N.A. BR. #66
80-19 ROOSEVELT AVENUE
JACKSON HEIGHTS, NY 11372

Memo _Driveway_

_Guraman Virk_

⑆021000089⑆ 26820912⑆ 0928

Account:26820912  Check#:0  Amount:$677.00  Date Presented:07-08-2005

**AISHA M. BABILONIA**
225 EMERSON AVE.
PLAINFIELD, NJ 07062

1-108-210

361

10-26 20 05

PAY TO
THE ORDER OF   Matthew Allen                    | $ 6000 0

Six thousand ————— 00/cents              Dollars

**HSBC BANK, USA**
NEW YORK, NEW YORK 10007

FOR  Vinyl Siding Work          Aisha m Babilonia

⑆021001088⑆ 717721965⑈ 0361

Account:717721965  Check#:0  Amount:$6,000.00  Date Presented:10-28-2005

Aisha M. Babilonia
225 Emerson Avenue
Plainfield, NJ 07062

To: Magistrate Alleyne Ross

I am writing this letter on behalf of Matthew Allen, which I have established a business relationship with as well as personal for the past few months. I am aware of his present situation and I am willing to provide him with room and board in my home. I am a homeowner of a One-Family dwelling located in New Jersey. Matthew and I established a business relationship a few months ago when I hired him to work placing new Vinyl Siding on the exterior of my home. From then he received high recommendations from myself and neighbors of whom who saw work that he has done on my property. I have colleagues in the surrounding locations that have actually hired him for various jobs, from Landscaping to Masonry work. They have been very pleased with his professional attitude and punctuality. Matthew has been very professional and respectful to the extent that I have known him. We have worked on many projects which have also included the establishment of an A+ credit score from the major credit reporting agencies, he has a credit score which is greater than 750 and has maintained this by obedience, focus and determination to establish a future for himself; one that he has never allowed himself the opportunity in the past. Mr. Allen is also a very loving and giving father, extremely family orientated & has established a tight bond with his children.

Matthew has advised me of his situation and it has been brought to my knowledge that there has been speculations that he resides at my residence 3-4 a weeks. I can truly state "this is not the case". On occasions I would visit him at a work site where he would be working.

On April 19, 2006 I was involved in a Motor Vehicle Accident, from that point on I was disabled and did not return to work until May 16, 2006. The first week of my accident I was in extreme pain and distress. I asked Mr. Allen if he could kindly pick me up in the morning at my residence to take me to my doctor because at the time I was unable to drive or do very little to no duties. I felt that Mr. Allen at that time was the only responsible person that I could count on in my time of incapacity.

In closing, I was unaware of the grave problem that I have gotten him into by my small request, and personally feel that providing him with room and board is the LEAST that I can do for him in his time of need. He has advised me that he is in jeopardy of being sent to a detention center for a few months. As we both may know that not only will this hurt his family but it will also hurt his career & work etiquette that he has established throughout the past year. Mr. Allen has come a long way from what he tells me and I strongly believe that this will do nothing more but discourage him and harm the

**Jacqueline V. Babich**
555 Mc Clean Ave
Staten Island, NY 10305
.JBabich@nycboe.net

June 20, 2006

To Whom It May Concern:

I am Jacqueline V. Babich, a full-time Special Education teacher, employed to the New York City Department Of Education and the mother of Jonathan J. Allen.

It has been brought to my attention that Mathew Allen, the father of my one-year old son Jonathan, faces retention in a halfway house. This act will, however, prove to be detrimental to my son's social and emotional development, because of his father's involvement in his life.

Mr. Allen spends time being Jonathan's caregiver on a daily basis from 7:00 a.m. on weekdays. This is during the time that I report to work. This means that not only does he facilitate my attendance and punctuality, but he also ensures that valuable time is spend bonding with our son.

I am therefore requesting a reconsideration of this decision for the sake of our child, who thrives on the healthy relationship he shares with his father.

Sincerely,

*J. Babich*

Jacqueline V. Babich

image that he has maintained as a hard working tax paying individual. This will also loosen the bond that he has so tightly created with his children and also his 1 year old son. Your honor I asked that you would take into consideration my request to have him reside in my residence for the remainder of the time he is said to be on probation, and that you also take into heart the situation that originally brought him to New Jersey, which is nothing more than to make a honest living and to also help a friend in need.

Sincerely,

*Aisha Babilonia*

Aisha M. Babilonia

Department of the Treasury -- Internal Revenue Service

Form **1040**   **U.S. Individual Income Tax Return**  2005  (99)  IRS Use Only -- Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2005, or other tax year beginning _____ , 2005, ending _____ , 20 ___   OMB No. 1545-0074

**Label**
Use the IRS label. Other- wise, please print or type.

MATTHEW ALLEN

260 HOWARD AVE
Brooklyn NY 11233

Your social security number
__ __ - __ - __ }

Spouse's social security no.

▲ You must enter ▲
your SSN(s) above.

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see instructions) ▶ ☐ You ☐ Spouse

Checking a box below will not change your tax or refund.

**Filing Status**
Check only one box.

1 ☐ Single
2 ☐ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☒ Head of household (with qualifying person). (See inst.) If qualifying person is a child but not your dependent, enter child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (see inst.)

**Exemptions**
If more than four dependents, see instructions.

6a ☒ Yourself. If someone can claim you as a dependent, **do not** check box 6a . . . . . . . . . . . .
b ☐ Spouse

| Boxes checked on 6a and 6b | 1 |
| No. of children on 6c who: | 1 |

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see inst.) |
|---|---|---|---|
| QUEAYANI   WITHERSPOOP | ( ____ __ ' | Daughter | ☒ |
| CRUSADO   HOWARD | | Nephew | ☒ |

● lived with you 1
● did not live with you due to divorce or separation (see inst.)

Dependents on 6c not entered above 1

d Total number of exemptions claimed . . . . . . . . . . . . . . . . . . . . . . . . . . .

Add numbers on lines above ▶ | 3 |

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 34,626 |
| 8a | Taxable interest. Attach Schedule B if required . . . . . . . . . . . . . . . | 8a | |
| b | Tax-exempt interest. **Do not** include on line 8a . . . . . . . | 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required . . . . . . . . | 9a | |
| b | Qualified dividends (see instructions). . . . . . . . . . . . . . . . | 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see instructions) . . . . . | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ . . . . . . . . . . . . . . . . . . | 12 | |
| 13 | Capital gain or (loss). Attach Sch. D if required. If not required, check here . . . . . . . ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 . . . . . . . . . . . . . . . . . . . . . . . . | 14 | |
| 15a | IRA distributions . . . . . | 15a | | b Taxable amount . . . . . . . . . . | 15b | |
| 16a | Pensions and annuities | 16a | | b Taxable amount . . . . . . . . . | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . . | 17 | |
| 18 | Farm income or (loss). Attach Schedule F . . . . . . . . . . . . . . . . . . . . . . . . | 18 | |
| 19 | Unemployment compensation . . . . . . . . . . . . . . . . . . . . . . . | 19 | |
| 20a | Social security benefits | 20a | | b Taxable amount (see inst.) | 20b | |
| 21 | Other income. | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | 34,626 |

**Adjusted Gross Income**

| | | |
|---|---|---|
| 23 | Educator expenses (see instructions). . . . . . . . . . . . . . . | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106/2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 . . . . | 25 | |
| 26 | Moving expenses. Attach Form 3903 . . . . . . . . . . . . . . | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE . . . . | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans . . . . . . | 28 | |
| 29 | Self-employed health insurance deduction (see instructions) | 29 | |
| 30 | Penalty on early withdrawal of savings . . . . . . . . . . . . . | 30 | |
| 31a | Alimony paid   b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction (see instructions) . . . . . . . . . . . . . . . . . | 32 | |
| 33 | Student loan interest deduction (see instructions) . . . . . . . | 33 | |
| 34 | Tuition and fees deduction (see instructions). . . . . . . . . . | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 . . . . . . . . . . . . . . . . . . . . . . . . . . | 36 | 0 |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** . . . . . . . . . . . ▶ | 37 | 34,626 |

COPY

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see Instructions.   Form **1040** (2005)

JVA   05  104012   TWF 12741A   Copyright Forms (Software Only) - 2005 TW

P. 1

Department of the Treasury -- Internal Revenue Service

Form **1040**  **U.S. Individual Income Tax Return**  **2004**  (99)  IRS Use Only -- Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 2004, or other tax year beginning                , 2004, ending              , 20     OMB No. 1545-0074

Use the IRS label. Otherwise, please print or type.

MATTHEW ALLEN

260 HOWARD AVE
Brooklyn NY 11233

**Your social security number**

**Spouse's social security no.**

▲ You must enter your SSN(s) above. ▲

**Presidential Election Campaign** — Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund? ........ ▶  You [ ]Yes [X]No  Spouse [ ]Yes [ ]No

**Filing Status**
Check only one box.

1 [ ] Single
2 [ ] Married filing jointly (even if only one had income)
3 [ ] Married filing separately. Enter spouse's SSN above and full name here. ▶
4 [X] Head of household (with qualifying person). (See inst.) If qualifying person is a child but not your dependent, enter child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (see inst.)

**Exemptions**

6a [X] Yourself. If someone can claim you as a dependent, do not check box 6a ..........
b [ ] Spouse

Boxes checked on 6a and 6b — 1

c Dependents: If more than four dependents, see inst.

| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) if qualifying child for child tax credit (see inst.) |
|---|---|---|---|
| QUEAYANI   WITHERSPOOP | | Daughter | [X] |
| | | | |
| | | | |
| | | | |

No. of children on 6c who:
● lived with you — 1
● did not live with you due to divorce or separation (see inst.)
Dependents on 6c not entered above

d Total number of exemptions claimed ...........................  Add numbers on lines above ▶ [ 2 ]

**Income**

Attach Forms W-2 here. Also attach Form(s) W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

7 Wages, salaries, tips, etc. Attach Form(s) W-2 | **7** | 3,968
8a Taxable interest. Attach Schedule B if required ................ | **8a** |
b Tax-exempt interest. Do not include on line 8a ........ | **8b** |
9a Ordinary dividends. Attach Schedule B if required ................ | **9a** |
b Qualified dividends (see instructions)................ | **9b** |
10 Taxable refunds, credits, or offsets of state and local income taxes (see instructions) ..... | **10** |
11 Alimony received ................................ | **11** |
12 Business income or (loss). Attach Schedule C or C-EZ ................ | **12** | 6,850
13 Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ [ ] | **13** |
14 Other gains or (losses). Attach Form 4797 ................ | **14** |
15a IRA distributions ...... | 15a | b Taxable amount .......... | **15b** |
16a Pensions and annuities | 16a | b Taxable amount .......... | **16b** |
17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E .. | **17** |
18 Farm income or (loss). Attach Schedule F ................ | **18** |
19 Unemployment compensation ........................ | **19** |
20a Social security benefits | 20a | b Taxable amount (see inst.) | **20b** |
21 Other income ................................ | **21** |
22 Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | **22** | 10,818

**Adjusted Gross Income**

23 Educator expenses (see instructions)................ | 23 |
24 Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106/2106-EZ | 24 |
25 IRA deduction (see instructions) ................ | 25 |
26 Student loan interest deduction (see instructions) ....... | 26 |
27 Tuition and fees deduction (see instructions) .......... | 27 |
28 Health savings account deduction. Attach Form 8889 .... | 28 |
29 Moving expenses. Attach Form 3903 ................ | 29 |
30 One-half of self-employment tax. Attach Schedule SE ... | 30 | 484
31 Self-employed health insurance deduction (see instructions) | 31 |
32 Self-employed SEP, SIMPLE, and qualified plans....... | 32 |
33 Penalty on early withdrawal of savings................ | 33 |
34a Alimony paid  b Recipient's SSN ▶ | 34a |

35 Add lines 23 through 34a ........................... | **35** | 484
36 Subtract line 35 from line 22. This is your **adjusted gross income** ......... | **36** | 10,334

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.  Preparers Edition  Form **1040** (2004)
JVA  4  104012  TWF 8857  Copyright Forms (Software Only) - 2004 TW